UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:   Sharon Kay Norbeck,                           Case No. 18-03365-jtg
                                                       Chapter 13
         Debtors.

**MOTION FOR DETERMINATION OF FEES, EXPENSES,
OR CHARGES PURSUANT TO F.R.B.P. 3002.1(e)**

The Debtor, by and through her attorneys, USADebt Bankruptcy Attorneys, file this objection to the Notice of Postpetition Mortgage Fees, Expenses, and Charges under Bankruptcy Rule 3002.1 and states as follows:

1. This case was filed on August 3, 2018. The plan was confirmed on October 19, 2019. This case has never been converted, dismissed, or reinstated.

2. Debtor's Chapter 13 Plan was confirmed on October 19, 2019 [DN 28] with the debtor making direct payments on the mortgage held by Mortgage Center LC.

3. Mortgage Center LC a Notice of Postpetition Mortgage Fees, Expenses and Charges on May 5, 2021 alleging that $275.00 in postpetition fees are due. These fees are to be *paid from the debtor directly* notwithstanding her obligations under the Chapter 13 Plan.

4. The Debtor states the following in response to the Notice of Postpetition Mortgage Fees, Expenses, and Charges under 3002.1:

    A. The debtor concedes receiving service within 180 days and that *reasonable* charges are allowed under the mortgage agreement (Exhibit 1, Page 9, ¶ 9).

    B. The applicant bears the burden of showing that the fees requested are reasonable. In re Copeland, 154 B.R. 693 (Bankr. W.D. Mich. 1993). Debtor contends creditor-applicant has failed to meet its burden in showing the fees requested are reasonable.

    C. [T]he court will arrive at an attorney's fee by first determining the "lodestar" amount, which is calculated by "multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." In re Boddy, 950 F.2d 334 (6th Cir. 1991). Here, the Court and debtor are unable to review under a lodestar analysis because the creditor-applicant has not provided their hourly rate and numbers of hours expended on each task.

    D. Fannie Mae Allowable Bankruptcy Guidelines ("Fannie Guidelines"), applicable to this mortgage and the majority of those in the nation, provide some instruction on *maximum* allowable charges for the creditor-applicant. However, one court interpreting similar guidelines under HUD indicated these guidelines "merely sets a maximum permissible charge. By its language, therefore, this schedule suggests only

a ceiling and not a floor of reasonableness. A finding of reasonableness must still address at least two considerations: whether the services were necessary and whether the proposed charges are appropriate under the circumstances." In re Moore, No. 18-12444, (Bankr.W.D.N.Y. 2020).

E. Notice of Post-Petition Mortgage Fees preparation – 05/4/2021: $150.00

  i. The Fannie Guidelines indicate that preparation of the Notice of Fees, Expenses, and Charges has a maximum charge of $150.00 and it states "the fee is limited to notices for fees, expenses and charges that aggregate $150 or more (Exhibit 2, Page 2). In the present bankruptcy case, $150.00 was requested for an aggregate amount of fees totaling $125.00 which seemingly doesn't fit within Fannie Guidelines.

  ii. The preparation of the Notice of post-petition fees does not warrant a $150.00 fee. Debtor asserts that the attorney time to fill out this notice is unreasonable at $150.00 and actually exceeds the fees requested in the notice of mortgage payment change.

   1. The creditor-applicant did not provide itemization of their time or their hourly rate.

   2. *The fees in question are to come from the debtor* which makes our districts January 1, 2021 fee memorandum ("Memo") a logical place to start in evaluating this fee. The debtor acknowledges that the creditor firm that performed these tasks is proficient and likely warranting a board-certified rate of $300.00/hour (See Exhibit 3, pg 4 paragraph 16) for an attorney rate. The requested fee of $300.00 at a board-certified rate would equate to .5 hours. Debtor contends that .5 attorney hours is unreasonable to fill out the Notice of post-petition fees (a task that is likely completed by a paraprofessional).

F. Notice of Mortgage Payment Change – 03/15/2021: $125.00

  i. The Fannie Guidelines indicate that preparation of the Payment Change Notification has a maximum charge of $125.00 (Exhibit 2, Page 2).

  ii. A fee of $125.00 seems excessive in light of the clerical nature of the notice.

   1. Utilizing Memo board-certification rates of $300.00 under a lodestar analysis, Debtor contends that .4 hours is an unreasonable amount for the limited work associated with completing the form. Further, it is possible this was completed by a paraprofessional which may further reduce the reasonableness of the fee request.

Wherefore the Debtor asserts that the Notice of Postpetition Mortgage Fees, Expenses and Charges filed on May 5, 2021 are unreasonable, and the Debtor asks this Honorable Court to:

1. Determine the reasonableness of the postpetition fees, charges, expenses requested and adjust/disallow them accordingly;

2. Award Debtor costs and attorney fees under F.R.B.P. 3002.1(i)(2) for bringing this motion for insufficient itemization as required under F.R.B.P. 3002.1(c); and

3. Grant such other relief as the Court may deem just and appropriate.

        USADebt Bankruptcy Attorneys

Date: *May 5, 2021*   By: /S/ *Jeremy B. Shephard* (P72719)
            701 3 Mile Road NW Suite B
            Grand Rapids, MI 49544
            (616) 784-1700