<span style="color:red">Exhibit 3</span>

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

---

## MEMORANDUM REGARDING ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS UNDER 11 U.S.C. § 330(a)

### AS AMENDED EFFECTIVE JANUARY 1, 2021

The court has determined that it is in the interests of all debtors, creditors, and other parties in interest, and their respective attorneys, and the United States Trustee, that the following general guidelines regarding fee applications and reimbursement of expenses be established, published, and revised from time to time.

1. Professional persons include persons whose employment is approved by the United States Bankruptcy Court for the Western District of Michigan, pursuant to 11 U.S.C. §§ 327, 1103 and FED. R. BANKR. P. 2014, and counsel for debtors under chapter 12 and 13. The burden of proof regarding any fee application submitted by a professional person is upon the applicant.

2. Every application must succinctly itemize each activity, the date of the activity, the professional who performed the work, a description of both the nature and substance of the work, and the time expended thereon (the "itemization"). An itemization which lacks explanation of activities performed will be deemed inadequate and shall be non-compensable.

3. In order for time spent on activities such as court appearances, preparation for court appearances, conferences, telephone calls, drafting documents, and research to be compensable, the nature and purpose of the activity must be stated. Time entries for telephone calls must list the person with whom the applicant spoke and give a brief description of the conversation. Time entries for correspondence must state the addressee and give a brief explanation of the contents. Time entries involving documents must specify the specific document. Time entries for legal research must describe the matter or proceeding researched, and the legal issue that was researched.

4. Applicants shall not attempt to circumvent minimum time requirements or any detail requirement by "lumping" or "bunching" a number of activities into a single itemization entry. Each type of service must be listed with a corresponding specific time which was spent on the activity.

5. Time entries with unexplained abbreviations are non-compensable. (Where abbreviations are used, an appendix explaining the abbreviations shall be attached.) Where computer time sheets are submitted to substantiate entries, a code key must be supplied, or the application will not be considered. In more complex petitions, a glossary of persons involved may be helpful.

6. All applications shall state the case filing date, the chapter, whether conversion has occurred, and the date of conversion. The application must state the amount of any retainer paid, as well as the date of each previous application, the amount of compensation and expenses requested, the amount of compensation and expenses approved, the date of approval, and the amount previously received. The application must also indicate the total hours charged and give a summary of the hours and hourly rate charged by each professional. All fee applications in a chapter 13 case shall comply with LBR 2016-2(d). The first fee application filed by a professional person in a case, whether preconfirmation or post-confirmation, shall itemize and document all services from the beginning of the case, including services covered by the "no look" fee described in paragraph 16.

7. If more than one professional has charged time for activities such as intra-office conference or joint court appearances, the applicant must explain the need for each professional's participation in the activity.

8. All time listed must represent the actual time required to perform the activity and should be stated in tenths (0.10) of an hour. "Rounding up" of time or minimum time increments, *e.g.* 0.25 hours, is not permitted.

9. The rate charged must be commensurate with the level of skill required for a particular task; for example, attorney rates or paralegal rates may not be charged for non-legal work, such as copying or delivering documents, preparing or filing proofs of service, or for trustee duties generally performed without the assistance of an attorney. When paralegals are utilized to perform legal services for an estate or debtor (in chapter 12 and 13 cases), they may be compensated as paraprofessionals rather than treated as an overhead expense.

10. No fees shall be allowed for general research on law well known or that should be well known to practitioners in the area of law involved.

11. Reasonable time spent by an attorney in preparing and reviewing an application for compensation may be compensable. If compensation for this task exceeds an amount equal to one hour of attorney time, the court may schedule a hearing for an explanation and justification demonstrating that the amount of time spent is reasonable. Conversely, an amount equal to one hour of attorney time for this task is **not an entitlement** to that amount, and in many simple, straightforward applications, an amount equal to less than one hour of attorney time may be reasonable.

12. The court will consider whether tasks performed within a reasonable number of hours and whether the requested hourly rate is reasonable based upon the customary rate charged by experienced practitioners.

13. Except as otherwise allowed by statute, *e.g.*, 11 U.S.C. § 330(a)(4)(B), the court will not allow compensation for services which do not benefit the debtor's estate; for example, fees for reading the work product of another attorney simply as a matter of interest or performing legal services mainly beneficial to the debtor, or the debtor's principals.

14. An application for reimbursement of expenses must explicitly list each expense, its date incurred/paid, and a general description of the nature and purpose of the expense. For example, requests for mileage must include the date, destination, miles, per mile rate, and the reason for the trip. Professionals should utilize the most economical method for necessary expenses; for example, coach air fare, moderately priced accommodations, and commercial firm duplication for large number of copies. Courier service, express mail service and fax transmissions should not be used routinely, but, if used, should be as a result of justifiable reasons including time constraints.

15. Although the State Bar of Michigan does not require attorneys to participate in continuing legal education ("CLE"), the judges of this court continue to encourage bankruptcy CLE. The Clerk may maintain a list of attorneys who have attended CLE for each calendar year. Those attorneys who fail to attend CLE in any given calendar year may be required to attend fees hearings.

16. In view of the court's continued interest in promoting and rewarding attorney CLE, the court shall utilize a sliding scale to award compensation to chapter 13 debtors' attorneys. Commencing January 1, 2021, and continuing until modified or rescinded, the court may approve a "no look" fee in an amount not to exceed $2,900.00 (a $195.00 per hour presumptive hourly rate) for services rendered through confirmation.

Attorneys who have and continue to personally attend bankruptcy education seminars (with at least seven hours of legal education attended) during the calendar year immediately prior to the date the chapter 13 was filed and who certify in writing as to the seminar(s) attended, and thus have attained chapter 13 expertise, may be awarded a "no look" fee up to $3,500.00 (a $250.00 per hour presumptive hourly rate) for services rendered through confirmation. Attorneys who achieve and maintain certification by the American Board of Certification ("ABC") may be awarded a "no look" fee up to $4,000 (a $300.00 per hour presumptive hourly rate). These fees are not "entitlements" as there still may be simple consumer cases in which the attorney should request and will be awarded less than the "no look" fee stated above. Attorneys shall file with the court a copy of the fee agreement executed between the debtor and the debtor's attorney. If services are performed with a reasonable value in excess of the "no look" fees and are documented by the filing of an itemized fee application, covering both the initial "no look" fee awarded and the additional fees requested, upon review, the court may award fees in excess of the "no look" fees stated above. Post-confirmation fees may be awarded at the above presumptive hourly rates, provided attorneys annually attend the requisite CLE programs or remain certified. An attorney seeking an hourly rate higher than the presumptive hourly rate may do so by application. *See*, for instance, *In re Allison*, 578 B.R. 782 (Bankr. W.D. Mich. 2018). This paragraph 16 shall apply as follows: (1) with respect to a "no look" fee, for cases filed on or after January 1, 2021, and (2) with respect to a presumptive hourly rate, for services performed on or after January 1, 2021, provided the attorney has personally attended bankruptcy education seminars (with at least seven hours of legal education attended) during the calendar year preceding the time period for which the presumptive hourly rate is sought. To the extent this paragraph does not apply, paragraph 16 of the October 1, 2013 Memorandum shall apply.

17. In complicated chapter 13 cases, the hourly rate will be determined on a case-by-case basis and the court may approve a rate higher than the presumptive hourly rate. If an attorney seeks an hourly rate higher than the presumptive hourly rate, upon request and submission of an application, which sets forth with particularity why the case is complicated, and itemized statement, a hearing may be scheduled to permit the attorney to prove the "reasonableness" of the higher requested hourly rate. The court will follow *In re Boddy*, 950 F.2d 334 (6th Cir. 1991); *cf. In re Williams*, 357 B.R. 434,439 (B.A.P. 6th Cir. 2007).

18. The court may consider applications for fees and expenses on a notice and opportunity to object basis as permitted by the Local Bankruptcy Rules for the Bankruptcy Court for the Western District of Michigan. The court may, *sua sponte*, or upon the motion or objection of any party in interest or the United States Trustee after notice and hearing, order that payment of all, or some portion of, allowed interim fees be withheld for a specified period of time. Whenever

payment of an applicant's fee has been deferred by the court, that applicant may file at any time a motion to rescind or modify the deferral. Motions to rescind or modify deferral shall be scheduled for hearing and heard by the court.

19. In most cases, the reasonableness of the work done and the fee charged will depend upon the results attained. A part of the service to be performed by an attorney is to estimate, as to each prospective matter or proceeding, the probability of success, the amount to be realized and the overall benefit to debtor or creditors. The "no look" fee is not an entitlement, and simple cases may warrant compensation less than the full "no look" fee. Attorneys who routinely claim a "no look" fee award for simple cases which do not warrant payment of the "no look" fee may discover that the court may require itemization in all future cases.

20. The dollar amounts for the presumptive "no look" fees and hourly rates set forth in paragraph 16 shall be adjusted by the Clerk in a manner consistent with 11 U.S.C. § 104(a) commencing January 1, 2024 and at each 3-year interval thereafter unless they are otherwise adjusted including by an amendment to this Memorandum.

The court will consider applications for allowance of compensation and reimbursement of expenses which comport with the guidelines set forth in this Memorandum.

Dec. 10, 2020

Hon. James W. Boyd

Dec. 11, 2020

Hon. Scott W. Dales

Dec. 9, 2020

Hon. John T. Gregg